**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**FLORENCE DIVISION**

| | | |
|---|---|---|
| ANNIE SKINNER, AS ASSIGNEE OF ANDREW POSTON., Plaintiff, v. HORACE MANN INSURANCE COMPANY, Defendant. | ) | **CASE NO.: 4:18-CV-00922-RBH** **PLAINTIFF'S OFFEROF JUDGMENT** |

**TO: THIS HONORABLE COURT AND ALL COUNSEL OF RECORD**

YOU WILL PLEASE TAKE NOTICE that Plaintiff, Annie Skimmer, as assignee of Andrew Poston ("Plaintiff"), pursuant to South Carolina Code of Laws § 15-35-400 and Rule 68 of the Federal Rules of Civil Procedure, hereby makes the following Offer of Judgment to Defendant, Horace Mann Insurance Company ("Defendant").

In consideration for a judgment against Defendant in the amount of three million dollars and zero cents ($3,000,000.00), Plaintiff will discharge any and all claims against Defendant arising out of the circumstances described in Plaintiff's Complaint.

If this Offer of Judgment is not accepted within fourteen (14) days after service of this offer or prior to or on the fourteenth (14th) day before the actual trial date, whichever date occurs first, this offer shall be considered rejected. However, Plaintiff reserves the right to withdraw this Offer of Judgment prior to its acceptance or prior to the date on which it would be considered rejected by giving notice to Defendant or defense counsel in accordance with the service rules for motions and other pleadings outlined in the South Carolina Rules of Civil Procedure.

Pursuant to S.C. Code Ann. § 15-35-400 (B) and Rule 68 of the Federal Rules of Civil Procedure, if Defendant does not accept this Offer of Judgment and Plaintiff obtains a verdict or determination at least as favorable as this offer, Plaintiff shall seek to recover from Defendant: (1) any costs; (2) interest compounded; (3) attorneys' fees; and (4) any other recoverable monies. However, by making this Offer of Judgment, Plaintiff does not waive its right to seek any greater remedies that may be available to it than those set forth in S.C. Code Ann. § 15-35-400 and Rule 68 of the Federal Rules of Civil Procedure, including, without limitation, her right to seek recovery of pre-judgment interest at a rate greater than eight percent per annum, and the balance of any excess verdict pursuant to Tyger River Pine Co. v. Maryland Cas. Co., 170 S.C. 286, 170 S.E. 346 (1933).

Within fourteen (14) days after notification, or at least fourteen (14) days prior to the trial date, whichever date is earlier, Defendant or defense counsel may file with the Clerk of Court a written acceptance of this Offer of Judgment and serve it upon Plaintiff in accordance with the Federal Rules of Civil Procedure.

Please understand that if this offer is rejected, it likely will not be made again and the case likely will never settle for a lesser amount. Please explain this to your client/insurance carrier as well. The purpose of this paragraph is to specifically prevent the situation in which the adjuster comes to mediation expecting this to be Plaintiff's opening demand. If this offer is rejected, it will be off the table forever and it is probable that Plaintiff's opening demand and ultimate settlement number will be much higher at mediation and all other stages through trial.

[signature block on following page]

Respectfully submitted,

**ANASTOPOULO LAW FIRM, LLC**

***s/ Benjamin W. Lee***
Eric M. Poulin, Esquire
Fed. I.D Number: 11251
*eric@akimlawfirm.com*
Roy T. Willey, IV, Esquire
Fed. I.D. Number: 11664
*roy@akimlawfirm.com*
Benjamin W. Lee, Esquire
Fed. I.D. Number: 12697
*ben@akimlawfirm.com*
32 Ann Street
Charleston, S.C 29403
(843) 614-8888

**ATTORNEY FOR PLAINTIFF**

Charleston, South Carolina
April 19, 2018