**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**FLORENCE DIVISION**
**CASE NUMBER: 4:18-cv-00922-RBH**

| | |
|---|---|
| Annie Skinner, as Assignee of Andrew Poston,<br><br>Plaintiff,<br>v.<br><br>Horace Mann Insurance Company,<br><br>Defendant. | **MOTION TO STRIKE PLAINTIFF'S OFFER OF JUDGMENT** |

Pursuant to Fed. R. Civ. P. 12(b)(6) and 12(f), Defendant Horace Mann Insurance Company hereby moves to strike Plaintiff's Offer of Judgment on the following grounds:

1. On April 19, 2018, Plaintiff filed with this Court a pleading entitled "Plaintiff's Offer of Judgment." (ECF No. 8). Plaintiff's "Offer of Judgment" states that it is made "pursuant to South Carolina Code of Laws § 15-35-400 and Rule 68 of the Federal Rules of Civil Procedure." (ECF No. 8).

2. South Carolina Code of Laws § 15-35-400 is South Carolina's "Offer of Judgment" statute. It is inapplicable in federal court because the Federal Rules of Civil Procedure have their own procedural offer of judgment rule. *See* Fed. R. Civ. P. 68; *Home Indem. Co. v. Lane Powell Moss & Miller*, 43 F.3d 1322, 1332 (9th Cir. 1995) ("Federal procedural rules govern in diversity actions. If there is a federal rule of procedure covering a particular point of practice or pleading in dispute, such rule governs in a federal diversity action even if resort to state law would lead to a different result. The district court correctly found that Fed.R.Civ.P. 68 controlled in this diversity action." (internal citations omitted)); *Klawes v. Firestone Tire & Rubber Co.*, 572 F. Supp. 116, 119 (E.D. Wis. 1983) (granting defendant's motion

to strike plaintiff's offer of judgment in diversity action); *Shady Grove Orthopedic Assocs., P.A. v. Allstate Ins. Co.*, 559 U.S. 393, 410 (2010) (holding that if a federal rule regulates procedure then it is "valid in all jurisdictions, with respect to all claims, regardless of its incidental effect upon state-created rights" and that "it is not the substantive or procedural nature or purpose of the affected state law that matters, but the substantive or procedural nature of the Federal Rule").

3. Rule 68, FRCP, only allows for offers of judgment made by defendants, not offers made by plaintiffs. The plain terms of the Rule state that "**a party defending against a claim** may serve on an opposing party an offer to allow judgment on specified terms…" Rule 68(a), FRCP (emphasis added).[1]

4. As the United States Supreme Court stated in *Delta Air lines, Inc. v. August* explained, "Rule 68 prescribes certain consequences for formal settlement offers made by 'a party defending against a claim.' The Rule has no application to offers made by the plaintiff." 450 U.S. 346, 350 (1981).

WHEREFORE, the Defendant requests that the Plaintiff's Offer of Judgment be stricken and dismissed. The Plaintiff did not assert a proper basis to bring an Offer of Judgment in this federal diversity action.[2]

---

[1] "Rule 68's policy of encouraging settlements is neutral, favoring neither plaintiffs nor defendants; it expresses a clear policy of favoring settlement of all lawsuits." *Marek v. Chesny*, 473 U.S. 1, 10 (1985); *see also* Rule 54(d), FRCP (allowing the prevailing party to recover costs and, in some instances, attorneys' fees); *Lucas v. Wild Dunes Real Estate, Inc.*, 197 F.R.D. 172, 177 (D.S.C. 2000) (awarding defendant costs under Rule 68 and plaintiff costs under Rule 54 in same suit).

[2] Pursuant to Local Rule 7.04, a full explanation of the Motion is set forth herein and a memorandum would serve no useful purpose.

MURPHY & GRANTLAND, P.A.

s/J.R. Murphy

J.R. Murphy, Esquire (Fed. I.D. #3119)
PO Box 6648
Columbia, SC 29260
(803) 782-4100
Attorneys for the Defendant

Columbia, South Carolina
May 8, 2018