UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| Annie Skinner, as Assignee of Andrew Poston, | ) |  |
|---|---|---|
|  | ) |  |
|  | ) | Case No.: 4:18-cv-00922-SAL |
| Plaintiff, | ) |  |
| v. | ) |  |
|  | ) | **ORDER** |
| Horace Mann Insurance Company, | ) |  |
|  | ) |  |
| Defendants. | ) |  |

This matter is before the Court on the parties' motions for entry of a confidentiality order. *See* ECF Nos. 75, 76. The only dispute is whether the confidentiality order in this case should contain a sharing provision requested by Plaintiff, by which the materials produced by Defendant Horace Mann Insurance Company in this case may be used against it, as well as its subsidiaries and sister companies, in future litigation.

Prior to the undersigned's assignment to this case, Plaintiff filed discovery motions, *see* ECF Nos. 55, 56, seeking in part to compel Defendant's responses to requests to produce and interrogatories. On March 9, 2020, the Court ruled on Plaintiff's motions, *see* ECF No. 70, with the understanding that the parties had agreed to the content of a confidentiality order that would govern certain productions. The Court directed the parties to submit the consent confidentiality order on or before March 10, 2020. *Id.* As it turned out, however, the parties had not reached a meeting of the minds. Because the parties could not reach an agreement, they were directed to brief their position regarding the sharing provision. Both parties agreed that a hearing was not necessary.

1

Under Fed. R. Civ. P. 26(c), the Court may, for good cause shown, issue an appropriate protective order. The parties are already in agreement that good cause exists to enter such an order based on confidentiality. Plaintiff, however, seeks to alter the standard confidentiality order such that materials produced in this action may be used in litigation against Horace Mann Insurance Company, as well as its sister companies and subsidiaries, in the future. Plaintiff argues that judicial economy, the First Amendment, and the common law necessitate a sharing provision in the confidentiality order.

First, Plaintiff does not identify any litigation against these entities in which a sharing provision would promote judicial economy. The Federal Rules of Civil Procedure do not contemplate such a right of access to discovery materials. *See Biazari v. DB Indus., LLC*, No. 5:16-CV-49, 2017 WL 1498122, at *3 (W.D. Va. Apr. 26, 2017); *Owens v. Stirling*, No. 15-MC-00254, 2016 WL 3397586, at *2 (D.S.C. June 21, 2016). Insofar as Plaintiff does not identify any litigation in which the requested materials would be relevant and otherwise discoverable, any interest in decreasing litigation costs for future plaintiffs is outweighed by Defendant's interest in controlling the dissemination of its confidential records. Finally, Plaintiff's "right of access" argument fails in this circuit. For a right of access to a document to exist under either the First Amendment or the common law, the document must be a "judicial record." *In re U.S. for an Order Pursuant to 18 U.S.C. Section 2703(D)*, 707 F.3d 283, 290 (4th Cir. 2013). Discovery materials not filed with the court are not "judicial records." *See id.*

For good cause shown, Defendant's Motion for Entry of Standard Federal Confidentiality Order, ECF No. 76, is GRANTED, and Plaintiff's Motion for Sharing Provision in Secrecy Order, ECF No. 75, is DENIED.

IT IS SO ORDERED.

/s/ Sherri A. Lydon
Sherri A. Lydon
United States District Judge

March 17, 2020
Florence, South Carolina